******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PALMER, J., concurring. I agree with the majority that the Appellate Court correctly concluded that the trial court improperly had construed § 3 (B) of the parties' separation agreement as vesting discretion in the trial court to modify rather than to terminate the alimony payments of the defendant, Adrian Peter Bailey, following that court's finding that the plaintiff, Rebecca Nation-Bailey, had cohabited within the meaning of General Statutes § 46b-86 (b). In contrast to the majority, however, I am not persuaded that the separation agreement is "plain and unambiguous" on that point because, in my view, a plausible argument can be made that the agreement *does* give the trial court such discretion. See *Nation-Bailey* v. *Bailey*, 144 Conn. App. 319, 330–37, 74 A.3d 433 (2013) (*Borden, J.*, dissenting) (discussing reasons why parties' separation agreement should be read to incorporate "the full panoply of remedies provided by § 46b-86 [b], including the power to modify . . . and suspend . . . the payment of periodic alimony" [internal quotation marks omitted]). Nevertheless, I do believe that the better reading of the parties' agreement is that it limits the trial court's authority to terminating alimony upon a finding of cohabitation. I therefore concur in the result.

———————————————